UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

Karen Freeman,

    Plaintiff,

v.

Carnival Corp.,

    Defendant

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**I. PRELIMINARY ALLEGATIONS**

1. Plaintiff, Karen Freeman, is a citizen of the state of Louisiana.

2. Defendant, Carnival Corporation (hereinafter "Carnival") is a foreign entity with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty jurisdiction of the Court.

4. At all times material hereto, Defendant Carnival, personally or through an agent;

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081,

48.181 or 48.193;

e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f. The defendant was engaged in the business of providing to the public and to the plaintiffs in particular, for compensation, vacation cruises aboard their vessel.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, Elation.

8. On or about, May 8, 2014, Plaintiff was a paying passenger on defendant's vessel which was in navigable waters.

## II. COUNT I - NEGLIGENCE

9. Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs 1 through 8 as though alleged originally herein.

10. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

11. On or about May 8, 2014, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances.

12. As a result, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, servants, and/or employees as follows: A. Failure to have an adequately non-slip floor service in the area wherein the Plaintiff fell, one capable of allowing reasonably safe passage on it even when a foreign substance falls upon it; and/or B. Failure to warn plaintiff of

the dangerous condition that the floor surface wherein she fell posed to her; and/or C. Failure to maintain the floor surface on which Plaintiff fell clean and free of slippery substances condition during times when passengers such as Plaintiff were reasonably anticipated to be using the area; and/or D. Failing to adequately train the crew members assigned to work in and ambulate around the floor surface wherein the Plaintiff fell and its surrounding to be on the lookout for unsafe conditions on the floor surface as they walked on it and to report them and stand by them until such time as they could be cordoned off, warned against or made safe again; and/or E. Failure to have sufficient spotters / cleaners assigned to the vessels public walking space on which the Plaintiff fell, (the Plaintiff identified the area to vessel security shortly after her accident and an investigation of the incident and a written report was prepared but no copy has been provided to the Plaintiff ) so as to be able to within a reasonable time of the occurrence of a potential for a slip and fall scenario to occur, be able to take appropriate measures to alert the passengers in the area to it and either cordon it off or clean and dry to area to restore it to being reasonably safe for walking there on;  F. Failure to have sufficient lighting in the area where in the Plaintiff fell at the time of Plaintiff's fall to enable the Plaintiff to have been able to clearly see the slippery substance that was on the walking surface she was on prior to her stepping on it and suffering her injury; G. Failure to provide proper medical care for plaintiff which aggravated her condition and delay her treatment and cure.

13. At all times material hereto, Defendant had exclusive custody and control of the above named vessel.

14. At all times material hereto, Defendant negligently failed to determine the hazards the vessel posed to the plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn plaintiff of the hazard. In addition, Defendant violated the International Safety

Management Code and failed to have a proper, adequate and safe Safety Management System Manual. All of the above caused the plaintiff to be injured.

15. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendants in the exercise of reasonable care under the circumstances should have learned of them and corrected them.

16. As a result of the negligence of Defendant, the Plaintiff suffered injuries to multiple areas of her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages and his working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, plaintiff lost the benefit of plaintiff's vacation, cruise, and transportation costs.

Wherefore, the plaintiff demands judgment for all damages recoverable under the law against the defendant and demands trial by jury.

LIPCON, MARGULIES, ALSINA, & WINKLEMAN, P.A.
Attorneys for Plaintiff
One Biscayne Tower Suite 1776
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016 Ext. 229
Facsimile: (305) 373-6204

By_____
RICARDO V. ALSINA
Florida Bar # 883182